UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUSTIN B. ONEY and YOLANDA M. ONEY,
husband and wife,

    Plaintiffs,

v.   Civ. No. 24-542 JHR/GJF

STATE FARM AND CASUALTY COMPANY;
DAVID RIVAS, Claim Specialist; DANIELLE
M. NETTLES, External Resource-Alacrity;
JOHN DOES, and JANE DOES I-V; and
BLACK AND WHITE COPRORATIONS I-V,

    Defendants.

## ORDER SETTING BRIEFING SCHEDULE

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal [ECF 1], Complaint [ECF 1-2], and the parties' Joint Status Report and Provisional Discovery Plan [ECF 9] and following its August 16, 2024 Initial Scheduling Conference in this matter [ECF 13].

Defendant State Farm removed this action to federal court, invoking diversity jurisdiction. ECF 1 ¶ 3. Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." As the party invoking jurisdiction, Defendant State Farm bears the burden of establishing all jurisdictional requirements. *See Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Notably, Plaintiffs' Complaint alleges that they are residents of New Mexico and that Defendant David Rivas is likewise a resident of New Mexico. ECF 1-2 ¶¶ 1, 14. Plaintiffs further allege that "Defendant Rivas was the agent and/or

employee of State Farm who managed Plaintiffs' claim[,] spoke with the Plaintiffs over the phone and sent various individuals to inspect the[ir] property." *Id*. ¶ 14. For its part, Defendant State Farm alleges in its Notice of Removal that neither Defendant Rivas nor Defendant Nettles were "before the [C]ourt," as they had not at the time of removal been served with a summons and complaint. ECF 1 ¶ 13. In contrast to the Complaint's factual allegations related to Defendant Rivas, Defendant State Farm alleges that Rivas "did not handle Plaintiffs' claim[ and] played no role in claims decisions[, and] the claim was put in his inventory after Danielle Nettles changed positions within State Farm." *Id*. Although Plaintiffs have not yet moved to remand and, in fact, stipulated that the Court has subject matter jurisdiction over the case in the parties' Joint Status Report and Provisional Discovery Plan [*see* ECF 9 at 2], counsel for Plaintiffs insisted at the Initial Scheduling Conference that Defendant Rivas is an appropriate party and that complete diversity of citizenship is lacking. *See* ECF 13.

The Court notes that 28 U.S.C. § 1447(c) contemplates that a motion to remand may be filed "any time before final judgment [that] it appears that the district court lacks subject matter jurisdiction[.]" Moreover, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the parties' filings and positions, and being otherwise fully advised in the premises, the Court concludes it would benefit from briefing on the issue of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the parties shall brief whether the Court has subject matter jurisdiction as follows:  Plaintiffs shall file a Motion to Remand by **Friday, August 30,**

2

**2024.** In the event Defendant State Farm opposes remand, it shall file a response by **Friday, September 13, 2024**. Plaintiffs shall file their reply, if any, by **Friday, September 27, 2024.**

    **SO ORDERED**.

 

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE